# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GOMEZ-DOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.:  3:26-cv-001560-RBM-MMP<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL [Doc. 6]** |

On March 9, 2026, Petitioner Christian Gomez-Dominguez ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and an Application and Declaration to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2).  The Court granted the IFP Motion because Petitioner "attest[ed] that he [had] no means to pay the $5.00 filing fee" and set a briefing schedule on the Petition.  (Doc. 3 at 12.)  Petitioner now has filed a Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A ("Motion to Appoint Counsel").  (Doc. 6.)

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability

1

of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted). The appointment of counsel is left to the sound discretion of the Court. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

The Court has already found that Petitioner lacks funds to pay the $5.00 filing fee; since that time, Petitioner has remained in immigration custody and no circumstances would have changed to support a finding that Petitioner can now afford to hire counsel. Additionally, Petitioner represents that he "has a strong change of success on the merits," and that "the complexity of the law on immigration detention and Petitioner's status as a detained immigrant" strengthen his case for appointment of counsel. (Doc. 6 at 2.) The Court agrees and finds that representation is necessary given the complexity and potential validity of the constitutional, statutory, and procedural issues presented. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Therefore, the Court **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc. as counsel.

Counsel for Petitioner shall file a Notice of Appearance on or before **March 27, 2026**. The briefing schedule remains unchanged; Petitioner may still file a reply, now through counsel, on or before **April 10, 2026 at 4:30 p.m.** (Doc. 3 at 2.) The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of this Order to Federal Defenders of San Diego, Inc.

**IT IS SO ORDERED.**

DATE:  March 24, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE