**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRISTIAN GOMEZ-DOMINGUEZ,<br><br>           Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL<br>DETENTION FACILITY, et al.,<br><br>           Respondents. | Case No.: 3:26-cv-01560-RBM-MMP<br><br>**ORDER DENYING PETITION WITHOUT PREJUDICE**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Cristian Gomez-Dominguez's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Court **DENIES without prejudice** the Petition.

## I.    BACKGROUND

Petitioner, a citizen of Mexico, was admitted into the United States "on a nonimmigrant visa" in 2003. (Doc. 5 at 2.) On April 22, 2013, Petitioner "filed Consideration of Deferred Action for Childhood Arrivals" ("DACA"). (Doc. 5-1 at 3.) On May 10, 2015, Petitioner's DACA status expired, and he did not re-apply for DACA. (*Id.*) On May 15, 2018, Petitioner was convicted in Salt Lake County, Utah, for the offenses of possession of drug paraphernalia and possession or use of a controlled substance. (*Id.*) On

May 30, 2025, Petitioner was convicted in Salt Lake County, Utah for the offense of aggravated assault. (*Id.*) Petitioner was detained by Immigration and Customs Enforcement ("ICE") on August 12, 2025, during a probation check-in regarding his convictions. (Doc. 5 at 2.) Petitioner was then issued a Notice to Appear, which initiated removal proceedings against him under 8 U.S.C. § 1229a. (*Id.*)

Petitioner was transferred to Imperial Regional Detention Center, where he remains to this day. (*Id.*) On September 26, 2025, Petitioner, through immigration counsel, had a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). (*Id.* at 3.) "The immigration judge denied Petitioner bond on the merits of his request," and Petitioner "has not appealed the immigration judge's bond order to the Board of Immigration Appeals." (*Id.*)

Petitioner, then proceeding *pro se*, filed the Petition on March 9, 2026. (Doc. 1.) The Court set a briefing schedule shortly thereafter. (Doc. 3.) Respondents filed their Return to Petition on March 20, 2026. (Doc. 5.) Petitioner then filed a Motion to Appoint Counsel (Doc. 6), which the Court granted (Doc. 7). Petitioner, now represented, filed his Traverse on May 10, 2026, indicating that counsel "concluded that the briefing before this Court adequately presents the evidence and issues relevant to [Petitioner's] claims," and "has no evidence or argument to add." (Doc. 16 at 1.)

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.  DISCUSSION

Petitioner argues that his detention has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause and seeks a prompt bond hearing.  (Doc. 1 at 6–14 and Prayer for Relief.)  Respondents argue that (1) Petitioner is lawfully detained under § 1226(a) because the immigration judge already held a bond hearing and denied relief and (2) Petitioner should not be excused from exhausting administrative remedies. (Doc. 5 at 2–6.)  The Court agrees with Respondents.

Habeas claims are accompanied by a prudential exhaustion requirement.  *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  The Court may require exhaustion where:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
>
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
>
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.'"  *Hernandez*, 872 F.3d at 988 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).  But a district court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted).  Petitioner bears the burden of showing that an excuse for requiring exhaustion applies.  *See Leonardo*, 646 F.3d at 1161.  He has not done so here.

But even if he had, Petitioner still could not succeed on the merits of his claim. Petitioner appears to bring an as-applied challenge to the length of his detention under

3:26-cv-01560-RBM-MMP

§ 1226 and seeks a prompt bond hearing.  But Petitioner already received a bond hearing on September 26, 2025 (Doc. 5 at 3), and the Court does not find it appropriate to order another one.

### IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**. Petitioner may file an amended petition after he exhausts administrative remedies.

**IT IS SO ORDERED.**

DATE:  May 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-01560-RBM-MMP